United States District Court
Southern District of Texas
**ENTERED**
April 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JESUS ALEJANDRO PLATA-GARZA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:25-CV-00171** |
| | § | **Criminal Action No. 7:23-CR-00679-2** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the January 28, 2026, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Juan F. Alanis. (Dkt. No. 6). Judge Alanis made findings and conclusions and recommended that Plata-Garza's 28 U.S.C. § 2255 Motion, (Dkt. No. 1), be denied with prejudice, (Dkt. No. 6 at 2). The United States of America (the "Government") responded to Plata-Garza's § 2255 Motion, arguing that summary judgment was warranted on the claims within the habeas petition. (Dkt. No. 4). Judge Alanis recommended granting the Government's Motion, (Dkt. No. 4), and denying a certificate of appealability, (Dkt. No. 6 at 45).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On February 27, 2026, Plata-Garza filed six objections. (Dkt. No. 9). First, Plata-Garza objects that he never signed a formal written cooperation or agreement under § 5K1.1 of the Federal Sentencing Guidelines with the Government. (Dkt. No. 9 at 2). Second, Plata-Garza objects that his counsel failed to

explain that the Government had discretion on whether to file a § 5K1.1 motion.  (*Id.* at 3).  Third, Plata-Garza objects that the Government failed to acknowledge or explain why it declined to file a § 5K1.1 motion.  (*Id.*).  Fourth, Plata-Garza's counsel did not attend his sentencing.  (*Id.*).  Fifth, Plata-Garza objects that he provided substantial assistance warranting a § 5K1.1 motion.  (*Id.* at 4).  Sixth, Plata-Garza re-raises "all prior objections" regarding his "[a]wareness of forfeiture consequences and drug quantity," "mandatory minimum sentence and sentencing enhancements," and "opportunities to review and dispute the [presentence investigation report]."  (*Id.*).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made."  After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error.  Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court.  It is therefore ordered that:

(1)    Judge Alanis's M&R, (Dkt. No. 6), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2)    Plata-Garza's 28 U.S.C. § 2255 Motion, (Dkt. No. 1), is **DENIED**.

It is SO ORDERED.

3

Signed on April 6, 2026.

               **DREW B. TIPTON**
            **UNITED STATES DISTRICT JUDGE**